IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE SHIPP, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:18-cv-00760-LY |
| | § | |
| | § | |
| CHARTER COMMUNICATIONS, INC. | § | |
| | § | |
| *Defendant.* | | |

_____

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT
_____

Defendant Charter Communications, Inc. ("Defendant" or "Charter") files this Answer and Defenses to Plaintiff's Original Complaint (Dkt. 1) and respectfully shows the following:

### **DEFENDANT'S ANSWER**

The allegations in Plaintiff's Original Complaint are answered in numbered paragraphs below using Plaintiff's corresponding headings from her Original Complaint:

### **Jurisdiction and Venue**

1. Defendant admits Plaintiff brings this lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Texas Commission on Human Rights Act ("TCHRA" or "Chapter 21"), and the Family Medical Leave Act of 1990 ("FMLA"), but Defendant denies that either the facts or law permit Plaintiff to sustain any of her claims under those statutes. Defendant also admits this Court has federal question jurisdiction over this lawsuit under the federal statutes cited above and supplemental jurisdiction over the Texas state statute cited above.

2. Defendant admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that a copy of her charge is attached as Exhibit A to Plaintiff's Original Complaint. Defendant also admits a Notice of the Right to Sue, also attached as Exhibit A to Plaintiff's Original Complaint, shows that it was mailed to Plaintiff on June 4, 2018. Defendant also admits that Plaintiff's Original Complaint is timely filed in light of that mailing date. Defendant, however, denies that all conditions precedent have been exhausted or performed prior to the filing of Plaintiff's Original Complaint. Defendant also denies that Plaintiff was subject to any adverse employment action, unlawful discrimination, or a hostile work environment. To the extent necessary, Defendant additionally denies Plaintiff's allegations contained within her charge attached as Exhibit A to Plaintiff's Original Complaint.

3. Defendant admits Plaintiff asserts an FMLA retaliation claim, but Defendant denies all other allegations in Paragraph 3 of Plaintiff's Original Complaint.

4. Defendant admits this Court has jurisdiction as alleged in Paragraph 4 of Plaintiff's Original Complaint.

5. Defendant admits venue is proper in this Court, but Defendant denies it engaged in any of the alleged acts or omissions serving "as the basis for this cause of action" as alleged in Paragraph 5 of Plaintiff's Original Complaint.

**Parties**

6. Defendant admits Plaintiff is a natural person, but Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 6 of Plaintiff's Original Complaint.

7.      Defendant admits it is a publicly held corporation doing business in Austin, Travis County, Texas, that may be served in the manner identified in Paragraph 7 of Plaintiff's Original Complaint.

## FACTUAL ALLEGATIONS

8.      Defendant admits the allegations in Paragraph 8 of Plaintiff's Original Complaint.

9.      Defendant admits the allegations in Paragraph 9 of Plaintiff's Original Complaint. Defendant also admits it merged with Time Warner Cable in May 2016 as suggested in Footnote 1 of Plaintiff's Original Complaint.

10.     Defendant admits Shipp was a Major Account Executive for Defendant in 2016.

11.     Defendant denies the allegations in Paragraph 11 of Plaintiff's Original Complaint.

12.     Defendant admits some of its sales teams were reorganized in 2016 and that, due to this reorganization, Chris Matthews ("Matthews") became Plaintiff's manager during part of 2016. Defendant also admits the individuals listed in the second paragraph under Paragraph 12 of Plaintiff's Original Complaint partially comprised the sales team under Matthews after the reorganization. Defendant also admits the allegations contained in Footnote 2 of Plaintiff's Original Complaint.

13.     Defendant admits Shipp and a few of her fellow sales team members worked out of one of Defendant's Austin, Texas locations, while other of her fellow sales team members were located in other cities throughout Texas.

14.     Defendant admits the allegations in Paragraph 14 of Plaintiff's Original Complaint.

15.     Defendant denies the allegations in Paragraph 15 of Plaintiff's Original Complaint.

16.     Defendant denies the allegations in Paragraph 16 of Plaintiff's Original Complaint.

17.     Defendant denies the allegations in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 18 of Plaintiff's Original Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Original Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Original Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Original Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Original Complaint.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Original Complaint.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Original Complaint.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Original Complaint.

28. Defendant denies Paragraph 28 of Plaintiff's Original Complaint states the correct legal standard, and to the extent necessary, Defendant admits its supervisors are advised generally of any FMLA requirements, but it lacks sufficient information or knowledge to admit or deny about what each of its supervisors throughout the entire country, to include Matthews, were aware specifically. Defendant also denies Plaintiff was not "restored to an equivalent position" upon her return from FMLA leave during her tenure with Defendant.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Original Complaint.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Original Complaint.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Original Complaint.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Original Complaint.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Original Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Original Complaint.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Original Complaint.

36. Defendant admits Plaintiff voluntarily resigned from her employment on June 7, 2016, but Defendant denies the remaining allegations in Paragraph 36 of Plaintiff's Original Complaint.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's Original Complaint.

38. Defendant lacks sufficient information or knowledge to admit or deny whether Plaintiff has diligently sought replacement employment. Defendant denies the remaining allegations in Paragraph 38 of Plaintiff's Original Complaint.

39. Defendant lacks sufficient information or knowledge to admit or deny whether Shipp has diligently sought or diligently continues to seek replacement employment.

40. Defendant lacks sufficient information or knowledge to admit or deny that Shipp has not been able to make the level of salary that she made prior to her voluntary resignation, but Defendant denies the remaining allegations in Paragraph 40 of Plaintiff's Original Complaint.

41. Defendant admits Chris Matthews was no longer employed with Defendant as of June 8, 2018, but Defendant lacks sufficient information or knowledge to admit or deny what Plaintiff learned about Matthews' departure or when she learned anything about his departure.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's Original Complaint.

## DAMAGES

43. Defendant admits Plaintiff is seeking the damages described in Paragraph 43 of Plaintiff's Original Complaint, but Defendant denies that Plaintiff is entitled to recover any such damages from Defendant based on the facts or law.

## CAUSES OF ACTION

### A. Gender and Age Discrimination Against Charter

44. Like Plaintiff, Defendant incorporates its answers to Paragraphs 1 through 43 of Plaintiff's Original Complaint by reference. Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

45. Defendant admits Plaintiff is a female, but Defendant denies the remaining allegations in Paragraph 45 of Plaintiff's Original Complaint.

46. Defendant denies the allegations in Paragraph 46 of Plaintiff's Original Complaint.

47. Defendant denies the allegations in Paragraph 47 of Plaintiff's Original Complaint.

48. Defendant denies the allegations in Paragraph 48 of Plaintiff's Original Complaint.

49. Defendant denies the allegations in Paragraph 49 of Plaintiff's Original Complaint. Defendant maintains that neither the facts nor law will permit Plaintiff to obtain any of the relief sought.

50. Defendant denies the allegations in Paragraph 50 of Plaintiff's Original Complaint. Defendant maintains that neither the facts nor law will permit Plaintiff to obtain any of the relief sought.

### B. FMLA Retaliation Against Charter

51. Like Plaintiff, Defendant incorporates its answers to Paragraphs 1 through 50 of Plaintiff's Original Complaint by reference. Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

52. Defendant admits Plaintiff took leave from work in January 2016. Defendant denies any remaining allegations in Paragraph 52 of Plaintiff's Original Complaint.

53. Defendant admits Plaintiff was a Major Account Executive throughout 2016 until her voluntary resignation on June 7, 2016. To the extent necessary, Defendant denies any remaining allegations in Paragraph 53 of Plaintiff's Original Complaint.

54. Defendant denies the allegations in Paragraph 54 of Plaintiff's Original Complaint.

55. Defendant denies the allegations in Paragraph 55 of Plaintiff's Original Complaint.

56. Defendant denies the allegations in Paragraph 56 of Plaintiff's Original Complaint.

57. Defendant denies the allegations in Paragraph 57 of Plaintiff's Original Complaint. Defendant maintains that neither the facts nor law will permit Plaintiff to obtain any of the relief sought.

58. Defendant denies the allegations in Paragraph 58 of Plaintiff's Original Complaint. Defendant maintains that neither the facts nor law will permit Plaintiff to obtain any of the relief sought.

## RELIEF REQUESTED

[Not Numbered] Like Plaintiff, Defendant incorporates its answers to Paragraphs 1 through 58 of Plaintiff's Original Complaint by reference. Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

## EQUITABLE AND INJUNCTIVE RELIEF

### Relief One

[Not Numbered] Defendant denies the allegations contained within the Relief One paragraph. Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

### Relief Two

[Not Numbered] Defendant denies the allegations contained within the Relief Two paragraph. Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

### Relief Three

[Not Numbered] Defendant denies the allegations contained within the Relief Three paragraph. Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

### Relief Four

[Not Numbered] Defendant denies the allegations contained within the Relief Four paragraph. Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

## LEGAL RELIEF

### Relief Five

[Not Numbered] Defendant denies the allegations contained within the Relief Five paragraph. Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

### Relief Six

[Not Numbered] Defendant denies the allegations contained within the Relief Six paragraph. Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

### Relief Seven

[Not Numbered]  Defendant denies the allegations contained within the Relief Seven paragraph.  Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

### Relief Eight

[Not Numbered]  Defendant denies the allegations contained within the Relief Eight paragraph.  Defendant maintains that neither the facts nor law will permit Plaintiff to maintain any cause of action or obtain any of the relief sought.

### PRAYER FOR RELIEF

[Not Numbered]  Defendant admits Plaintiff seeks the relief requested in the Prayer for Relief paragraph of Plaintiff's Original Complaint, including in subparagraphs 1 through 7, and the subparagraphs misnumbered thereafter as 5 through 9, but Defendant denies that either the facts or law will allow Plaintiff to maintain any cause of action or obtain the relief specified.

59.  To the extent any allegations in Plaintiff's Original Complaint were not specifically admitted or denied above, Defendant hereby denies any such remaining allegations.

### DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

1.  **Fails to State a Claim** – Plaintiff fails to state a claim, in whole or in part, in her Original Complaint upon which relief can be granted.

2.  **Administrative Prerequisites/Conditions Precedent** – To the extent Plaintiff complains of acts or conduct other than those included in her underlying charge of discrimination, Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to timely exhaust her administrative prerequisites against Defendant and satisfy her required conditions precedent.

3.  **Limitations** – To the extent Plaintiff is attempting to seek relief under Title VII or the ADEA for any alleged discriminatory conduct occurring more than three hundred (300) days

prior to the filing of her underlying charge of discrimination, such claims and the relief for such claims are barred. To the extent Plaintiff is attempting to seek relief under Chapter 21 for any alleged wrongful conduct occurring more than two (2) years prior to the filing of Plaintiff's Original Complaint, such claims and the relief for such claims are barred. Likewise, to the extent Plaintiff is attempting to seek relief for any alleged wrongful conduct in violation of the FMLA that occurred more than two years before the filing of Plaintiff's Original Complaint, such claims and the relief for such claims are barred. Plaintiff's claims under the ADEA, Title VII, and Chapter 21 of the Texas Labor Code are limited to only those claims in her predicate charge of discrimination filed with the EEOC and/or Texas Workforce Commission.

4. **Good Faith Reliance** – To the extent Plaintiff's claims rest upon any action of Defendant taken in good faith reliance on the constructions, interpretations, and applications of the FMLA, Title VII, ADEA, or Chapter 21 of the Texas Labor Code by the appropriate administrative agencies, regulatory agencies, and courts empowered or authorized to make such constructions, interpretations, and applications, such claims are barred in whole or in part. Additionally, the recovery Plaintiff seeks is, in whole or in part, foreclosed by the fact that Defendant's acts or omissions, if any, were conducted in good faith and with a reasonable belief they were not in violation of the FMLA, Title VII, ADEA, or Chapter 21 of the Texas Labor Code. Indeed, Defendant had legitimate, non-discriminatory, non-retaliatory reasons for its actions taken against or in relation to Plaintiff (if any).

5. **Notice of Right to Sue Limitation** – To the extent Plaintiff is attempting to seek relief for any alleged discriminatory conduct for which a Notice of Right to Sue was issued by the EEOC more than ninety (90) days prior to the filing of the instant lawsuit, such claims and the relief for such claims are barred. To the extent Plaintiff is attempting to seek relief for any alleged

discriminatory conduct for which a Notice of Right to Sue was issued by the Texas Workforce Commission more than sixty (60) days prior to the filing of the instant lawsuit, such claims and the relief for such claims are barred or for which a charge of discrimination was filed more than two years prior to the filing of the instant lawsuit, such claims and the relief for such claims are barred.

6. **Outside Scope of Employment** – To the extent any rights were violated, which Defendant adamantly denies, any such conduct and/or violations were the result of individuals acting outside the scope of their employment with Defendant and without Defendant's consent. Defendant does not and did not authorize, condone, ratify, or tolerate any unlawful discrimination, harassment, retaliation, or violations of any statutory rights; Defendant instead prohibits such conduct. Defendant therefore is not responsible or liable for any such conduct through the principles of agency, *respondeat superior,* or otherwise.

7. **No Change in Employment Decision** – If a fact finder determines any unlawful reason was a motivating factor in any employment decision concerning Plaintiff, which Defendant adamantly denies and maintains is not the applicable standard as to all of Plaintiff's claims, Defendant would nonetheless have made the same employment decision regardless of the alleged discriminatory or retaliatory animus.

8. **Equitable Defenses** – Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel (including but not limited to judicial and equitable estoppel), *in pari delicto,* and any other applicable equitable defenses.

9. **Damage Limitations** – To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, such damages or losses are subject to any and all federal and/or state statutory, constitutional, or procedural limitations on damages, including but not limited to

42 U.S.C. § 1981a(b)(3), 29 U.S.C. § 2617, 29 U.S.C. § 626, Texas Labor Code § 21.2585, and Texas Civil Practice & Remedies Code Chapter 41.

10. **Offset** – Plaintiff's damages and losses, if any, must be reduced by any and all interim earnings or benefits, including, but not limited, to any unemployment compensation or workers' compensation income benefits received.

11. **Failure to Mitigate** – To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, Plaintiff has failed to exercise reasonable care and diligence to mitigate such damages or losses.

12. **Comparative Negligence** – To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, such losses were as a result of Plaintiff's own conduct and/or omissions.

13. **No Proximate Cause** – The claims advanced by Plaintiff are barred, in whole or in part, by the fact that Defendant's actions and/or omissions, if any, did not proximately cause Plaintiff's injuries or damages, if any. Plaintiff's damages and losses, if any were the result of Plaintiff's own conduct or omissions.

14. **After-Acquired Evidence** – The relief sought by Plaintiff may be barred, in whole or in part, by the after-acquired evidence doctrine.

15. **Limited Statutory Remedies** – The FMLA, Title VII, ADEA, and Chapter 21 are all remedial statutory schemes in which Congress and the Texas Legislature have specified the avenues and relief, if any, available to a prevailing plaintiff. To the extent Plaintiff pursues claims or seeks remedies beyond the scope of these specified statutory schemes, such claims and remedies are improper and barred as a matter of law.

16. **<u>Policy Against Unlawful Discrimination, Harassment, or Retaliation</u>** – Defendant had and has in place a strong, officially-promulgated and user-friendly policy against unlawful discrimination, harassment, or retaliation to prevent and promptly correct any such behavior.  Defendant exercises reasonable care to prevent and promptly correct any such unlawful behavior, including by not limiting to, by maintaining a strong policy in place, by training its employees, and by implementing its policies by taking prompt remedial action.  To the extent Plaintiff was a victim any unlawful discrimination, harassment, or retaliation, which Defendant adamantly denies, no tangible employment action was taken against Plaintiff, and Plaintiff unreasonably failed to take advantage of the opportunities offered to her by Defendant to prevent and correct the alleged harm or otherwise to avoid the harm she allegedly suffered.

17. **<u>No Compensatory Damages under ADEA & FMLA</u>** – Plaintiff cannot recover any compensatory or punitive damages (as referenced in Plaintiff's Original Complaint), to include emotional or mental anguish damages, for any claimed violation of the ADEA or FMLA.  Those federal statutes do not grant a prevailing plaintiff the ability to recover such categories of damages.

18. **<u>No Liquidated Damages</u>** – Plaintiff fails to state a claim upon which liquidated damages can be awarded.  No such damages can be awarded under the FMLA or ADEA because Defendant's acts or omissions, if any, were conducted in good faith and with a reasonable belief that such acts or omissions, if any, were not in violation of state or federal law, including but not limited to, the FMLA and ADEA.

19. **<u>Legitimate Reasons & Good Faith</u>** – Defendant did not engage in any intentional unlawful discrimination, harassment, or retaliation.  Defendant's actions, if any, were job-related, consistent with and justified by a business necessity, and based upon legitimate, non-discriminatory, non-retaliatory reasons.  Defendant's actions, if any, also were undertaken in good

faith, based on good cause, and with a reasonable belief that such actions were not in violation of any applicable law. Indeed, no decisions were intentionally made or imposed to contravene the prohibitions of any applicable state or federal law. In this regard, Plaintiff cannot recover any compensatory or liquidated damages, be it under Title VII, the ADEA, the FMLA, or Chapter 21.

20. **No Adverse Employment Action** – Defendant denies Plaintiff was subject to any adverse or tangible employment action, including a constructive discharge.

21. **Plaintiff's Same Job Unavailable** – To the extent Plaintiff claims Defendant failed to restore Plaintiff to the same or an equivalent employment position, which Defendant denies, Defendant alternatively asserts that Plaintiff's same job, or an equivalent one, would no longer have been available to her when job restoration was sought because of reasons unrelated to FMLA leave.

22. **Actions Without Malice or Reckless Disregard** – There is no basis, in law or fact, to support Plaintiff's claims for recovery of punitive and/or exemplary damages. Defendant did not engage in unlawful intentional conduct, nor did Defendant willfully engage in any unlawful intentional conduct with malice or reckless indifference to the statutory rights, if any, of Plaintiff. Defendant did not act willfully, intentionally, or recklessly disregard or deprive Plaintiff of any rights to which she may have been entitled. Defendant's actions towards Plaintiff, if any, have been undertaken in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

23. **Due Process Violation** – Plaintiff's claim for punitive damages violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Texas Constitution.

24. **Right to Amend** - Defendant reserves the right to amend its pleadings to assert any additional defenses that may become apparent during the course of this lawsuit.

## RECOVERY OF ATTORNEY'S FEES, COSTS, AND EXPENSES INCURRED BY DEFENDANT

As a result of Plaintiff's frivolous and groundless lawsuit, Defendant was required to retain legal counsel to represent it.  If Defendant ultimately prevails, it may be entitled to recover from Plaintiff any reasonable attorney's fees, costs, and expenses incurred in its defense.  Thus, to the extent permitted by applicable law, Defendant seeks to recover any such reasonable attorney's fees, costs, and expenses it has incurred and will incur in the defense of this lawsuit.

## DEFENDANT'S PRAYER

Defendant respectfully prays the Court enter a judgment:

1. Dismissing Plaintiff's Original Complaint and denying Plaintiff all relief requested therein;

2. Awarding Defendant, if permitted by applicable law, the attorney's fees, costs, and expenses it incurred in defending this action; and

3. Awarding Defendant all other relief to which it is entitled.

                                Respectfully submitted,

*/s/ Christine E. Reinhard*
Christine E. Reinhard
State Bar No. 24013389
Delilah Lorenz Evans
State Bar No. 24036991
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone:  (210) 447-8033
Fax:  (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
devans@sr-llp.com

**ATTORNEYS FOR DEFENDANT CHARTER COMMUNICATIONS, INC.**

## **CERTIFICATE OF SERVICE**

On September 28, 2018, a true and correct copy of this document was filed electronically, with notice of the filing served on all counsel of record by operation of the Court's electronic filing system. All parties may access this filing through the Court's electronic filing system.

*/s/ Christine E. Reinhard*
Christine E. Reinhard