# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE SHIPP, | § § § § | |
| Plaintiff | | |
| v. | § § § | CIVIL NO. A-18-CV-00760-LY |
| CHARTER COMMUNICATIONS, INC., | § § § § | |
| Defendant | § | |

## O R D E R

Before this Court are Defendant's Partial Motion for a Protective Order & Partial Motion to Quash Plaintiff's Corporate Representative Deposition Notice, filed September 17, 2019 (Dkt. No. 16); and Plaintiff's Motion to Compel Discovery & Motion for Relief Pursuant to FED. R. CIV. P. 56(d), filed on September 24, 2019 (Dkt. No. 18), and response and reply briefs related to the latter motion (Dkt. Nos. 21 and 23). The District Court referred the above motions and related filings to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Plaintiff Stephanie Shipp brings this suit against Defendant Charter Communications, Inc., alleging violations under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Texas Commission on Human Rights Act, and the Family and Medical Leave Act. Dkt. No. 1. The District Court entered a Scheduling Order that closed the discovery period on August 16, 2019. Dkt. No. 14 at ¶ 6. The Scheduling Order specifically warned the

1

parties that if they agreed to extend discovery beyond the deadline, the Court would not intervene "except in extraordinary circumstances." *Id.*

The parties in this case agreed to extend the discovery deadline to conduct various depositions, including the deposition of a corporate representative. *See* Dkt. No. 18-1. On September 17, 2019, Defendant filed its Partial Motion for a Protective Order and Partial Motion to Quash. Dkt. No. 16. Plaintiff did not file a response. Instead, on September 24, 2019, Plaintiff filed a Motion to Compel Discovery in which she ceased pursuing interrogatory responses and the deposition of a corporate representative,[1] and now seeks only to compel Defendant to produce certain documents that Plaintiff contends are responsive to Requests for Production served on February 25, 2019 ("the RFPs"). Dkt. No. 18. Defendant responded to the RFPs on April 24, 2019, but Plaintiff contends that Defendant's responses and production are inadequate. Dkt. No. 18 at ¶¶ 20-22.

Despite the Scheduling Order and Local Rules, Plaintiff asks the Court to order Defendant to supplement its prior responses to the RFPs and produce several documents after the discovery deadline. Dkt. No. 18. In support, Plaintiff argues that she has been attempting to gain compliance from Defendant since "no later than July 11, 2019;" that the discovery period continues to run because the corporate representative deposition has yet to be completed, as stated in the parties' agreement to extend discovery; and that production is necessary to allow Plaintiff to have a fair opportunity to prove her claims and refute Defendant's defenses. *Id*. at ¶¶ 3-7.

Plaintiff's counsel admits that "it would have been preferable" to have resolved the instant discovery disputes earlier, but alleges that Defendant's September 17, 2019 Motion to Quash the corporate representative deposition made the delay "unavoidable." Dkt. No. 23 at ¶¶ 1-2. This

---

[1] Accordingly, Defendant's Partial Motion for Protective Order & Partial Motion to Quash Plaintiff's Corporate Representative Deposition Notice (Dkt. No. 16) is **DENIED AS MOOT**.

argument ignores the fact that Plaintiff's motion pertains to neither the corporate representative deposition nor Defendant's related motion to quash, which by Plaintiff's admission was "rendered moot." Dkt. No. 18 at 1. Moreover, the scheduled deposition and Defendant's related motion fell after the discovery deadline set in the Scheduling Order. Dkt. No. 14 at ¶ 6. Although the parties agreed to extend the deadline to allow for the deposition, Local Rule CV-16 and the Scheduling Order make clear that there will be no Court intervention after the deadline set by the Court except in extraordinary circumstances.

None of Plaintiff's reasons meet the "extraordinary circumstances" standard. Indeed, Plaintiff urges precisely the type of arguments that the Local Rules and Scheduling Order prohibit parties from bringing after discovery closes.[2] Because Plaintiff filed her Motion to Compel on September 24, 2019, it is untimely under the Scheduling Order and the Local Rules and hereby is **DENIED**.

Plaintiff also seeks additional time to receive and review the discovery requested in her Motion to Compel and an extension of Plaintiff's deadline to respond to any summary judgment motion. Dkt. No. 18 at 6; Dkt. No. 23 at ¶¶ 17-19. The primary purpose of these requests for additional time was to review the additional production that the Court has declined to allow. The request is therefore moot. Accordingly, the Court **DENIES AS MOOT** Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 56(d).[3]

For the reasons stated above, the Court **DENIES AS MOOT** Defendant's Partial Motion for Protective Order & Partial Motion to Quash Plaintiff's Corporate Representative Deposition Notice (Dkt. No. 16). The Court **DENIES** as untimely Plaintiff's Motion to Compel and **DENIES**

---

[2] Plaintiff's counsel also states in part that "his own busy litigation schedule as a solo-practitioner" did not allow for earlier discovery efforts, which again fails to meet the "extraordinary circumstances" standard to justify filing the motion more than five months after Defendant served its responses. Dkt. No. 23 at ¶ 3.

[3] In fact, Defendant filed a Motion for Summary Judgment on October 1, 2019 (Dkt. No. 22), and Plaintiff filed a Response in Opposition on October 15, 2019 (Dkt. No. 24).

**AS MOOT** Plaintiff's Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(d) (Dkt. No. 18).

Finally, Defendant's Unopposed Motion for Leave to Exceed Page Limitation (Dkt. No. 20) is **GRANTED**. The parties should proceed on the assumption that the undersigned will deny any further motion to exceed page limits.

**SIGNED** on October 17, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE